UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Anthony Morrison,

        Defendant.

Criminal No. 14-cr-116 (JNE)
Civil No. 22-cv-3198 (JNE)

ORDER

      Defendant Anthony Morrison, proceeding pro se, moves to vacate his sentence pursuant to 28 U.S.C. § 2255, or in the alternative, to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the motion is denied.

## BACKGROUND

      Morrison pleaded guilty to one count of conspiracy to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The U.S. Probation and Pretrial Services Office prepared a presentence investigation report ("PSR"). It determined that Morrison was subject to an enhanced sentence as a career offender within the meaning of Section 4B1.1 of the U.S. Sentencing Guidelines. This determination rested on Morrison having at least two prior felony convictions for a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a). Specifically, the PSR found that Morrison had an Illinois conviction for selling drugs in 1997; an Illinois conviction for delivery of drugs in 1998; and an Illinois conviction for an aggravated battery against a police officer in 1998.

1

With or without the career offender enhancement, the relevant statute authorized a term of imprisonment of at least 5 and not more than 40 years. *See* 21 U.S.C. § 841(b)(1)(B). But whereas the Sentencing Guidelines called for a term of imprisonment between 92 and 115 months without the enhancement, with the enhancement that range rose to 188 to 235 months.

The government agreed with the PSR that Morrison was a career offender based on the drug sale and drug delivery convictions. But in response to Morrison's objection, the government initially declined to defend the PSR's finding that the aggravated battery conviction qualified as a predicate for career offender status, because the government had been unable to obtain court documents bearing on whether that conviction was for a "crime of violence" as defined by the "elements" clause of the relevant Sentencing Guidelines provision.

In October 2015, the Court held a sentencing hearing. Morrison denied that he had committed the 1997 drug sale offense listed in the PSR. The Court continued the sentencing hearing so that Morrison could continue to assemble evidence to support that argument.

In November 2015, the Court held a final sentencing hearing. Morrison had not obtained, and thus did not offer, any further evidence of his innocence with respect to the drug sale offense. But the government had obtained documents related to the aggravated battery conviction, and it submitted those documents as an exhibit. The documents showed that that offense was a "crime of violence," without resort to the "residual" clause of the Guidelines' definition of that term—the validity of which had been thrown

into doubt by *Johnson v. United States*, 576 U.S. 591 (2015). Thus, the Court held that the battery offense qualified as a predicate for career offender status. Finding that "the defendant actually does have three qualifying predicate offenses, which is one more than would be sufficient to qualify the defendant as a career offender," ECF No. 121 at 8:22–25, the Court applied the career offender enhancement and sentenced Morrison to 186 months in the custody of the Bureau of Prisons ("BOP"), to be followed by four years of supervised release. The Court of Appeals summarily affirmed in April 2016.

In December 2022, Morrison filed the instant motion seeking to vacate or reduce his sentence based mainly on the assertedly erroneous application of the career offender enhancement. The government moves to dismiss Morrison's motion as time-barred to the extent that it seeks relief pursuant to 28 U.S.C. § 2255, and argues that the Court should deny the motion insofar as the motion seeks relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1] Morrison has filed a response in opposition to the government's motion to dismiss, in which Morrison also addresses the government's argument opposing his alternative claim for relief under Section 3582(c)(1)(A).[2]

---

[1] The government does not argue that Morrison has not satisfied the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). The Court need not assure itself that Morrison has fulfilled that requirement, because it is a claim-processing rule rather than a jurisdictional limitation. *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (citing *Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017)).

[2] The government's motion to dismiss asked to hold the briefing schedule in abeyance pending the resolution of the motion to dismiss. As will appear, the Court's resolution of the motion to dismiss disposes of Morrison's motion insofar as it is based on Section 2255. Insofar as Morrison's motion is based on Section 3582(c)(1)(A)(i), the government's motion to dismiss also addresses this asserted basis for relief and asks the Court to deny the motion, and Morrison's response in opposition to the motion to dismiss contains a reply to this argument. The parties thus have had adequate opportunities to

## DISCUSSION

I.   **Motion to Vacate Sentence—28 U.S.C. § 2255**

Morrison's Section 2255 motion revives his argument that he was improperly designated a career offender pursuant to Section 4B1.1 of the U.S. Sentencing Guidelines. Specifically, Morrison contends that a prior controlled substance felony conviction was improperly attributed to him. Morrison's claim is time-barred.

A Section 2255 motion is subject to a one-year limitations period that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Morrison's judgment of conviction became final in July 2016, "when the time to seek certiorari expire[d]" 90 days after the Court of Appeals summarily affirmed the judgment. *See Kemp v. United States*, 142 S. Ct. 1856, 1860 (2022). If the finality of Morrison's judgment of conviction were the most recent trigger for the statute

---

brief the issues, and the Court is prepared to resolve Morrison's motion in its entirety. Accordingly, it is unnecessary to hold the briefing schedule in abeyance.

of limitations, the instant motion would be more than six years too late. *See* 28 U.S.C. § 2255(f)(1). Morrison asserts that his motion is nonetheless timely under Section 2255(f)(4) because it took several years for him to obtain records that supposedly reveal new facts supporting the instant motion.

"'To be entitled to invoke the statute of limitations contained in section 2255(f)(4),'" a "'petitioner must show the existence of a new fact, while also demonstrating that he acted with diligence to discover the new fact.'" *DeRoo v. United States*, 709 F.3d 1242, 1245 (8th Cir. 2013) (quoting *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008)). According to Morrison, newly obtained records of his Illinois convictions and other proceedings in that state prove a "new fact": that someone else—not Morrison—perpetrated a 1997 offense that was deemed a predicate conviction for finding Morrison to be a career offender. Morrison submits those records as an exhibit along with his motion. The records include an Illinois state criminal history report, as well as transcripts from hearings in Cook County, Illinois, Circuit Court in April and June 2018. In those hearings, Morrison's mother disputed whether the 1997 drug sale offense involved Morrison. Morrison also submits a transcript of a hearing regarding a motion for a new trial in the 1997 case, during which hearing the defendant in that case also pleaded guilty to the 1998 aggravated battery listed in the PSR, as well as another offense not specified in the transcript.

Here, the "facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2255(f)(4), more than a year before Morrison filed the instant motion in late December 2022. Morrison offers

5

scarcely any information about his efforts to obtain the records, and he does not specify when he received them. He thus fails to show "that he acted with diligence to discover the new fact." *DeRoo*, 709 F.3d at 1245. Moreover, the transcripts of the April and June 2018 hearings, and of the hearing on the motion for a new trial in the 1997 case, are dated September and October of 2020—more than two years before Morrison filed his motion. ECF No. 117-1 at 14, 28, 48. To the extent that the records reveal any new facts supporting Morrison's claim, their dates confirm that the facts could have been discovered with reasonable diligence more than a year before December 2022. (The government raised this point in its motion to dismiss, and Morrison's response in opposition failed to dispute it.) Thus, even assuming that Section 2255(f)(4) commenced the running of the limitations period more recently than the date Morrison's judgment of conviction became final, the one-year limitations period elapsed before Morrison filed his motion.[3]

For similar reasons, equitable tolling of the limitations period would not be appropriate. The Section 2255 limitations period may be equitably tolled "only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some

---

[3]   Morrison does not argue that he is actually innocent of his federal sentence, as might allow him to sidestep procedural bars to his claim. *See Jones v. Arkansas*, 929 F.2d 375, 381 (8th Cir. 1991); *Lofton v. United States*, 920 F.3d 572, 576–77 (8th Cir. 2019). Nor could he. His sentence of 186 months fell within the statutorily authorized term of imprisonment of 5 to 40 years even for a defendant who is not a career offender. *See* 21 U.S.C. § 841(b)(1)(B). Thus, he does not raise a fundamental "miscarriage of justice" that would even be cognizable in a Section 2255 petition—let alone capable of avoiding procedural limitations on such petitions. *See Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (en banc).

extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (cleaned up).  Equitable tolling thus offers "an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).  Morrison states that it took him years to obtain the records on which his motion relies, and vaguely asserts that COVID-19 slowed his progress in doing so.[4]  But he fails to specify even approximate dates on which he requested or received the records.  Crucially, for the year immediately preceding his filing of the motion in December 2022, he does not provide information from which the Court could find either diligent pursuit of his rights or "extraordinary circumstance[s]" that prevented him from filing.

Even if untimeliness did not dictate dismissal, Morrison still would fail to show entitlement to any relief.  The "new" evidence he submits does not contradict the Court's prior finding that Morrison was a career offender.  The Court does not understand Morrison to be denying that he is the person convicted of the 1998 drug delivery offense and the 1998 aggravated battery offense.  Indeed, at sentencing, he "[did] not dispute that those convictions should be attributed to [him]." ECF No. 86 at 2.  And the records that Morrison submits leave little room for doubt about that issue. *See* ECF No. 117-1 at 18 (transcript of April 2018 hearing, in which the Illinois court, agreeing with an Assistant State's Attorney, remarks that photographs of the offenders in the two 1998 cases in

---

[4]   The Court understands Morrison's mention of "COVID-19" to refer to the COVID-19 pandemic, rather than an individual case of COVID-19 infection.  Morrison offers nothing to suggest that his own health prevented him from timely filing.

7

question—one of which was under Anthony Morrison's name—show "clearly the same person"). Those two convictions sufficed to make Morrison a career offender. *See* U.S.S.G. § 4B1.1(a); ECF No. 121 at 8:22–25. Moreover, the newly submitted records do not definitively disprove that Morrison also committed the 1997 drug sale offense in question. *See* ECF No. 117-1 at 8–13 (transcript of June 2018 hearing in the Circuit Court of Cook County, Illinois, which concluded without any finding that Morrison was innocent of any of the cases in question). If that were not enough, Morrison's argument challenging his career offender enhancement pursuant to the Sentencing Guidelines does not even appear to be cognizable in a Section 2255 petition. "[O]rdinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995); *Sun Bear*, 644 F.3d at 704–05 (holding that a defendant's assertion that he should not have received a career offender enhancement under the Sentencing Guidelines presented no "miscarriage of justice" because the sentence did not exceed the statutory maximum, and that the assertion thus was not cognizable in a Section 2255 proceeding).

Ultimately, though, the Court need not extensively explore the merits of Morrison's argument, because Morrison did not timely present it. The Court therefore will grant the government's motion to dismiss, deny Morrison's motion to vacate his sentence, and dismiss this matter.

### B. Evidentiary Hearing

"An evidentiary hearing is not required in a section 2255 case where the files and records of the case conclusively show that the petitioner is not entitled to relief[.]"

8

*United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989) (per curiam).  The Court finds that the record conclusively shows that the motion is time-barred and that equitable tolling is not warranted, and that Morrison therefore is not entitled to the relief he seeks.  The Court thus declines to hold an evidentiary hearing.

    C.    **Certificate of Appealability**

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under [28 U.S.C. § 2255]."  28 U.S.C. § 2253(c)(1).  Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (cleaned up).  Morrison has not shown that the dispositive issue—the untimeliness of his motion—is debatable among reasonable jurists or worthy of further proceedings.  Therefore, no certificate of appealability shall issue.

**II.**    **Motion for Sentence Reduction—18 U.S.C. § 3582(c)(1)(A)(i)**

As an alternative basis for relief, Morrison argues that he is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  That statute allows a defendant to seek a sentence reduction where "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  A court may grant such a reduction only after considering the sentencing factors of 18 U.S.C. § 3553(a) "to the extent that they are

applicable," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden to show eligibility for a sentence reduction. *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

The U.S. Sentencing Commission has published a policy statement regarding sentence reductions under 18 U.S.C. § 3582(c)(1)(A). U.S.S.G. § 1B1.13. It calls for a court to determine that a "defendant is not a danger to the safety of any other person or to the community" before reducing a term of imprisonment. *Id.* It also enumerates the reasons that are so "extraordinary and compelling" as to justify early release. *Id.* On its face, the policy statement applies only to motions brought by the BOP on a defendant's behalf, since only the BOP could request compassionate release when the policy statement was written. *See id.* cmt. n.4. No new policy statement regarding compassionate release has taken effect since Congress made compassionate release available upon a defendant's own motion.[5] *See United States v. Loggins*, 966 F.3d 891, 892 (8th Cir. 2020); *United States v. Rodd*, 966 F.3d 740, 746 (8th Cir. 2020). The Eighth Circuit has stated that, until a new policy statement takes effect, Section 1B1.13 and its commentary "may not be ignored" with respect to compassionate release motions brought by defendants, but also that the commentary setting forth extraordinary and compelling reasons for a sentence reduction is "not binding" on such motions. *See*

---

[5]   The U.S. Sentencing Commission has submitted to Congress several amendments to Section 1B1.13 and its commentary. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01 (May 3, 2023). These amendments will take effect on November 1, 2023, *id.*, unless modified or disapproved by Congress, 28 U.S.C. § 994(p).

*United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

Morrison asserts that one "extraordinary and compelling" reason to reduce his sentence is that it is invalid. This is so, he says, because the offense of conviction underlying the sentence he is challenging—conspiracy to distribute heroin—cannot support a career offender enhancement because it is neither a "crime of violence" nor a "controlled substance offense" within the meaning of the Sentencing Guidelines' career-offender provision. *See* U.S.S.G. § 4B1.1(a). Eighth Circuit caselaw agrees with the Sentencing Guidelines' own commentary that drug conspiracies and other inchoate drug crimes are "controlled substances offense[s]" for purposes of the career offender enhancement. *See United States v. Mendoza-Figueroa*, 65 F.3d 691, 694 (8th Cir. 1995) (en banc); U.S.S.G. § 4B1.2 cmt. n.1. It is true that there is a deepening rift between the circuits as to whether the Supreme Court's analysis in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), disturbs that conclusion. *Compare, e.g.*, *United States v. Castillo*, 69 F.4th 648, 664 (9th Cir. 2023), *with United States v. Maloid*, 71 F.4th 795, 805 (10th Cir. 2023). But in post-*Kisor* cases, the Eighth Circuit has hewed to its pre-*Kisor* approach. *See United States v. Brown*, 1 F.4th 617, 621 (8th Cir. 2021); *United States v. Merritt*, 934 F.3d 809, 811 (8th Cir. 2019). Morrison further argues that his offense of conviction for a drug conspiracy in violation of 21 U.S.C. § 846 cannot satisfy the "controlled substance offense" requirement because Section 846 may criminalize conduct that does not meet the definition of a drug conspiracy under the career offender provision of the Sentencing Guidelines. In other words, he says, Section 846 is not a categorical match for a "controlled substance offense" conspiracy under the Guidelines, as only the latter may

require proof of an overt act in furtherance of a conspiracy. The Eighth Circuit has recognized a circuit split as to "whether courts must apply the categorical approach to determine whether a conviction under § 846, a federal statute, qualifies as a controlled substance offense" under the career offender Guideline. *United States v. Merritt*, 934 F.3d 809, 811–12 (8th Cir. 2019) (holding on direct appeal that it was not plain error for a district court to treat a Section 846 conviction as a controlled substance offense without applying the categorical approach, because the defendant had not raised the issue in the district court).

Assuming for the sake of argument that Morrison's contention about the propriety of his career offender sentence enhancement has merit, it fails to support a sentence reduction or other relief here. The compassionate release statute is not a substitute for a proceeding pursuant to 28 U.S.C. § 2255, which is the proper vehicle by which a federal prisoner may challenge the validity of a sentence that has become final. *See United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) (holding that a defendant's argument that he was improperly deemed a career offender under the Sentencing Guidelines was a challenge to his sentence and should be treated as a Section 2255 motion rather than a Section 3582(c)(1)(A)(i) motion). *But see Auman*, 67 F.3d 157, 161 (8th Cir. 1995) (holding that "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim" and instead should be raised on direct appeal). Even if the Court were to liberally construe this argument as part of Morrison's concurrently filed Section 2255 motion, and even if the argument were not procedurally defaulted, Morrison offers no reason why it should

escape the aforementioned one-year limitations period of 28 U.S.C. § 2255(f). Nor does the Court see any such reason.

Morrison also briefly refers to a "gross disparity" between defendants sentenced contemporaneously with him and those sentenced more recently. Morrison does not elaborate on the nature of this supposed disparity. More importantly, a "non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir.), *cert. denied*, 142 S. Ct. 2781 (2022) (adding that "the compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy"). Morrison does not identify any change in the law that *is* retroactive and might result in a different sentence.

Morrison also emphasizes his rehabilitation while serving his sentence. "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" to reduce a sentence. 28 U.S.C. § 994(t); *Fine*, 982 F.3d at 1119. "Prisoners are *supposed* to follow the rules, take classes, work at a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary." *United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021). As no other valid basis supports reducing Morrison's sentence, rehabilitation cannot suffice. *See* 28 U.S.C. § 994(t).

For these reasons, Morrison fails to show "extraordinary and compelling reasons"

for a sentence reduction. The Court therefore will deny his motion seeking that relief.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The government's motion to dismiss [ECF No. 123] is GRANTED insofar as it seeks dismissal of Morrison's Section 2255 claim, and DENIED AS MOOT insofar as it seeks to hold in abeyance the briefing schedule regarding the Section 2255 motion.

2. Morrison's pro se motion to vacate, set aside, or correct his sentence, or in the alternative for a sentence reduction, [ECF No. 117], is DENIED.

3. Civil Case No. 22-3198 (JNE) is DISMISSED WITH PREJUDICE.

4. No evidentiary hearing is required in this matter.

5. No certificate of appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 4, 2023                                   s/ Joan N. Ericksen
                                                        JOAN N. ERICKSEN
                                                        United States District Judge